IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 10-789 |
| ANTONIO ORTIZ | : | |

**O R D E R**

**AND NOW**, this  17th  day of  July , 2012, upon consideration of Defendant Antonio Ortiz's pro se[1] Motion for Downward Departure Pursuant to § 5K2.13 (ECF No. 52), it is

**ORDERED** that the Motion is **DENIED**.[2]

---

[1] Pro se pleadings are subject to liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[2] Defendant entered a plea of guilty to two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), pursuant to a cooperation Guilty Plea Agreement with the Government. (ECF No. 19; *see also* Judgment 1, ECF No. 42.) Defendant is a career offender. The Sentencing Guidelines provide a guideline range of 262 to 327 months imprisonment (Judgment Attach. 1). We departed downward, pursuant to U.S.S.G. § 5K1.1 and §3553(e). Defendant was sentenced to a period of 132 months incarceration to be followed by 8 years of supervised release. (*Id*.; Judgment 6.)

Defendant now moves for a further downward departure under U.S.S.G. § 5K2.13, which provides for a departure on the basis of the defendant's "reduced mental capacity." (Mot. 1, ECF No. 52.) Defendant points to a history of mental health issues and diagnoses of intellectual disability. (Mot. 4.)

Defendant's Motion suffers from several fatal flaws. Defendant did not file an appeal in this case, and there is no provision for filing a motion to reconsider sentence over a year after the entry of judgment. We could, however, construe this Motion as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255.

Defendant's Motion, even if construed as a petition for habeas corpus relief, is precluded by the terms of the Guilty Plea Agreement. Defendant "voluntarily and expressly waive[d] all rights to appeal or collaterally attack" his sentence "or any other matter relating to this prosecution." (Guilty Plea Agreement ¶ 8.) This challenge to his sentence does not fit within the limited category of exceptions to that waiver which the Guilty Plea Agreement provides. (*See id*.) Moreover, Defendant's waiver of the right to appeal or collaterally attack his sentence is enforceable. *See United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). Defendant does not claim that he lacked the requisite intent or mental capacity to execute the terms of the Guilty Plea Agreement. The record reveals beyond question that Defendant's plea was voluntary and

**IT IS SO ORDERED.**

              **BY THE COURT:**

              _____
              **R. BARCLAY SURRICK, J.**

---

intelligently entered.

  Finally, Defendant's Motion is meritless. Defendant received a significant downward departure from his Guidelines range. This Court was fully aware of the status of his mental health. Such facts were, Defendant concedes, raised in the Pre-Sentence Investigation Report ("PSR"). (Mot. 4; PSR ¶¶ 54-57.) Moreover, Defense counsel brought Defendant's mental health concerns to the Court's attention at the sentencing hearing prior to the imposition of sentence. (*See, e.g.*, Def.'s Sent. Mem. 2-3, 5, 9, 12 & Exs. A & B, ECF No. 36; Sent. Hr'g Tr. 10-11, 12, 13.) Defendant's implication that counsel failed to alert the Court to his mental health problems is ridiculous.

  In any event, Defendant is not entitled to a further downward departure pursuant to § 5K2.13. § 5K2.13 departures are not warranted if the sentencing court perceives "a need to protect the public" because of a defendant's offense or criminal history. At sentencing, we noted that Defendant's extensive past criminal activity and violent behavior demonstrated a need to protect the public. (Sent. Hr'g Tr. 18-20.) Defendant was not, and is not, eligible for a downward departure or reduction of sentence based upon § 5K2.13.